UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DWAYNE ERIC REED** | : | **DOCKET NO. 15-cv-2368** |
| **B.O.P. # 03174-089** | | |
| **VERSUS** | : | **JUDGE MINALDI** |
| **REBECCA CLAY** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Dwayne Eric Reed ("Reed"). Reed is in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

On June 6, 1999, in the Eastern District of Wisconsin, Reed was convicted of bank robbery in violation of 18 U.S.C. § 2113(a). *Reed v. Clay*, No. 2:15-cv-2368 (W.D. La.), doc. 1, att. 1, p. 2. He was sentenced to 240 months of incarceration. *Id.* at doc. 1, pp. 1–2. Following an unsuccessful appeal Reed filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his

sentence with the trial court. *Id.* at doc. 1, p. 3. The § 2255 motion was denied on December 21, 2001. *United States v. Reed*, No. 2:98-cr-200 (E.D. Wis. Sep. 24, 1999), doc. 85.[1]

On September 9, 2015, Reed filed the instant *habeas* petition claiming ineffective assistance of counsel and denial of the right to confront witness. *Reed v. Clay*, No. 2:15-cv-2368 at doc. 1. He also claims that he is actually innocent of his conviction and that pursuant to *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), he meets "the actual innocence prong of the savings clause test under 28 U.S.C. § 2241 . . . ." *Id.* at doc. 1, att. 1, p. 6.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Reed collaterally attacks his incarceration by challenging his conviction and the sentence imposed, not the execution of his sentence. Therefore his claim should be advanced in a § 2255 motion to vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief…shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also

---

[1] Reed then filed a motion for an order for *coram nobis* relief which was dismissed as a successive § 2255 petition. *Id.* at docs. 93, 101. He subsequently filed a motion for relief under Rule 60(b), which was transferred to the Seventh Circuit Court of Appeals as a successive § 2255 petition. *Id.* at docs. 102, 105.

> appears that the remedy is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A prisoner seeking such relief under the savings clause must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830.

    Reed's attempt to proceed under the savings clause with a claim based on *McQuiggin* is unavailing. In *McQuiggin* the Supreme Court held that a case with a proven claim of actual innocence survives procedural bars and the statute of limitations for federal habeas petitions. 133 S. Ct. at 1928. However, the impediment to Reed's § 2241 *habeas* petition is that he does not meet the substantive criteria for bringing his petition under the savings clause. Nothing in *McQuiggin* decriminalizes the conduct for which Reed was convicted. Furthermore, the Fifth Circuit has already rejected a federal inmate's attempt to proceed under the savings clause with claims based on *McQuiggin*. *See Griffin v. Longley*, 548 Fed. App'x 146, 147 (5th Cir. 2013) (unpublished). Therefore Reed fails to meet the first prong of the savings clause test and cannot use § 2241 as a vehicle to further federal review of his conviction.

### III.
#### CONCLUSION

Because Reed has not met the savings clause requirements, his claims are not properly brought under § 2241 and this court lacks jurisdiction to consider his claims under § 2255.[2]

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

---

[2] A second or successive petition under § 2255 must be certified by the appropriate court of appeals based on a showing of actual innocence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h).

THUS DONE this 25th day of April, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE